ELLA D. GEORGE, Appellant, *v.* JOSEPHINE E. CARPENTER et al., as Executors, etc., Respondents.

| 73 221 |
| 147a 686 |

*Limited partnership — withdrawal of capital therefrom — allowance to the special partner of a claim against the partnership.*

Where a limited partnership expires and the special partner withdraws, leaving all of his capital and all of the firm assets in the hands of the general partners, under an agreement on their part to pay him the amount of his interest in the firm as settled and agreed upon, which they never do, there is not a withdrawal of the capital of the firm within the meaning of section 15 of 1 Revised Statutes, 766.

Where the claim of a special partner is presented against the estate of a general partner, who has become liable to him by reason of his promise to pay a sum found to be due to the special partner, and the claim has been compromised, it cannot be said that the special partner has been allowed any claim against the limited partnership or its assets, in the absence of evidence that the funds wherewith the compromise was effected were derived, in whole or in part, from the assets of the limited partnership.

APPEAL by the plaintiff, Ella D. George, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 11th day of August, 1893, upon the report of a referee dismissing the plaintiff's complaint upon the merits and for costs.

This action was brought for the recovery from the representatives of a deceased special partner of a debt due from his firm to the plaintiff.

On the 3d day of February, 1885, Charles H. George, Wilson H. George and Franklin E. James duly formed, pursuant to the statutes of this State, a limited partnership under the name of C. H. George & Co. (known in this litigation as No. 1), which was to begin February 4, 1885, and terminate November 13, 1887.

Charles H. George contributed to the capital, $48,000; Wilson H. George contributed to the capital, $5,000; Franklin E. James contributed to the capital, $50,000; total capital, $103,000.

Charles H. and Wilson H. George were the general partners and James was a special partner. The firm conducted the business which it was formed to carry on from February 4, 1883, to November 13, 1887, when it expired by the lapse of time fixed for its duration. At the last date mentioned a new firm was formed by the general partners of the old firm under the name of C. H. George & Co. (known in this litigation as No. 2) for the purpose of carrying on the same business, which was to continue from November 13, 1887, to January 1, 1889.

On the 13th of November, 1887, the limited partnership was indebted to the plaintiff, who was the wife of Charles H. George, in the sum of $7,472.14, which is unpaid and is the only unpaid debt of the firm.

November 13, 1887, the three partners agreed to the following statement of the old firm's assets and liabilities, which was entered on its books:

" ASSETS.

| | |
|---|---|
| " Stock and Fixtures................................ | $111,451.15 |
| " **W**. H. George, Cap. % ........................ | 11,108.62 |
| " Outstanding %s., collectible ..................... | 45,771.23 |
| " Cash Balance forward........................... | 4,327.28 |
| | " $172,658.28 |

" LIABILITIES.

| | | |
|---|---|---|
| " F. E. James, Cap. % ............... | | $57,732.76 |
| " C. H. George, Cap. %s............. | | 34,972.25 |
| " Ella D. George, loan % ........... | $7,472.14 | |
| " James, Briggs & H., do............ | 39,762.79 | |
| | | 47,234.93 |
| " Rent due to date ................. | | 4,000.00 |
| " Bills Payable..................... | $7,220.51 | |
| " Outstanding %s to pay.... ........ | 21,497.83 | |
| | | 28,718.34 |
| | | " $172,658.28 " |

The stock and fixtures of the old firm, valued at $111,451.15, and the amount due from Wilson H. George, $11,108.62, were assigned and transferred to the new firm, which two items amounted to $122,559.77. The new firm credited on its books James with the amount of his interest in the old firm, $57,493.32, which is a reduction of $239.44 from the amount appearing by the statement to be his due (why this discount was made does not appear) and Charles H. George with $34,972.25, and C. H. George & Co. (No. 1) with $30,094.20, which three items amount to $122,559.77, and equal the value of the stock and fixtures and the amount due from Wilson H. George to firm No. 1.

At the time of the termination of the limited partnership, James received no money nor property. November 5, 1888, Wilson H. George died insolvent, and June 14, 1889, Charles H. George died insolvent, leaving a will which was probated and of which the plaintiff, his widow, is the executrix.

July 30, 1890, Franklin E. James verified and presented to the plaintiff, as executrix of the estate of her husband, the following account :

"The Estate of Charles H. George, deceased, to Franklin E. James, Dr.,

| | | |
|---|---:|---:|
| "1st, to Balance due Franklin E. James from C. H. George, February 4th, 1885 ..................... | | $1,087.66 |
| "Interest thereon from Feb. 4th, 1885, to June 14, 1889 ....................................... | | 284.60 |
| "2nd, to balance due Franklin E. James from Charles H. George, Nov. 14th, 1887 ............... | $54,242.63 | |
| "Interest on same from Nov. 14th, 1887, to June 14th, 1889, nineteen months, at six per cent .......... | 5,153.05 | |
| | | 59,395.68 |
| "3rd, to balance due Franklin E. James from C. H. George, Nov. 12th, 1887 .................... | $39,692.47 | |
| "To interest on same at six per cent from Nov. 12th, 1887, to June 14th, 1889 .................... | 3,784.02 | |
| | | 43,476.49 |
| | | "$104,244.43" |

Before the presentation of this account James had become the sole owner of the amount credited to James, Briggs & H. in the statement of liabilities, and the balance due thereon is included in the foregoing claim.

December 16, 1890, James died leaving a will which was duly probated and letters testamentary were issued thereon to the defendants. In May, 1890, the plaintiff, as executrix of her husband's estate, paid to the defendants $52,000 on the above claim and received a release of all claims and demands due from her husband's estate to the estate represented by the defendants. This action was begun November 4, 1891.

*Edward B. Whitney*, for the appellant.

*Charles Mac Veigh*, for the respondents.

FOLLETT, J.:

The plaintiff seeks to recover on two grounds: (1) That defend- ant's testator withdrew his capital stock in violation of 1 Revised Statutes, 766, section 15, which provides: "No part of the sum which any special partner shall have contributed to the capital stock shall be withdrawn by him, or paid or transferred to him, in the shape of dividends, profits or otherwise at any time during the continuance of the partnership." (2) That defendant's tes- tator was allowed to claim as a creditor in violation of 1 Revised Statutes, 767, section 23, as amended by chapter 414 of the Laws of 1857, which provides: "In case of the insolvency or bankruptcy of the partnership, no special partner shall, except for claims contracted pursuant to section 17, under any circumstances, be allowed to claim as a creditor, until the claims of all the other creditors of the part- nership shall be satisfied."

Section 17, referred to in section 23, provides: "He (a special partner) may also loan money to, and advance and pay money for the partnership, and may take and hold the notes, drafts, accept- ances and bonds of or belonging to the partnership, as security for the repayment of such moneys and interest, and may use and lend his name and credit as security for the partnership in any business thereof, and shall have the same rights and remedies in these respects as any other creditor might have."

The referee found on conflicting evidence that the limited part- nership was solvent on the 13th day of November, 1887, which finding we affirm.

The evidence shows that Charles H. George and Wilson H. George, the general partners of the limited partnership, undertook the duty of settling the affairs of the firm, and that they proceeded so far as to pay off all its debts, except the one owing to the plain- tiff. It is asserted that in case a limited partnership expires, and the special partner withdraws leaving all of his capital, and all of the firm assets, in the hands of the general partners upon their agree- ment to pay to him the amount of his interest in the firm as settled and agreed upon, which they never do, that it amounts to a with- drawal of capital within the meaning of section 15 above quoted. This proposition cannot be sustained. Under the statute the general

partners are required to manage the affairs of the firm, and when the special partner, at the termination of the period for which the partnership is formed, leaves all of his capital and all the assets of the firm in the hands of his solvent general partners and takes their joint promise to pay him his interest in the firm, which they never pay, that does not amount to a withdrawal of capital or of assets within the meaning of the section. This precise question was decided in *Lachaise* v. *Marks* (4 E. D. Smith, 610). In that case a limited partnership had existed under the name of Lord & Brown, but before the expiration of the time limited for its duration the special partner sold to the general partners all of his interest in the firm and entered into an agreement dissolving it. Notice of the dissolution was filed, recorded and published as required by statute. The general partners assumed to pay all of the liabilities of the firm, and gave to the special partner their notes for $17,000 for his interest, signed Lord & Brown, which was the name of a new general partnership organized to carry on the same business. It was held that the giving of the notes did not amount to a withdrawal of any part of the capital or assets of the firm. The judgment at General Term in the case cited was written by the late Judge WOODRUFF, in which all of his associates concurred, and it has never been questioned. In the case at bar the promise, by the new firm, to pay to the withdrawing special partner the amount of his interest in the limited partnership, did not withdraw any assets from it, nor did it create any obligation against it. The assets of the old firm were left in the custody of the general partners subject to the claims of the creditors, and the liability created was against Charles H. George and Wilson H. George.

The old firm was most effectually dissolved: *First,* by the lapse of time during which it was to continue, and the agreement of the partners, and afterwards, November 5, 1888, by the death of Wilson H. George, one of the general partners.

Nor have the provisions of section 23, above quoted, been violated. Neither the special partner nor his representatives have been allowed any claim against the limited partnership or its assets. The claim presented and compromised was against the estate of Charles H. George, who became liable by virtue of his promise to pay the sum found due to the special partner, and there is not the

slightest evidence that the funds wherewith this compromise was effected were derived, in part or in whole, from the assets of the limited partnership; and

The referee has not found that the limited partnership had not sufficient funds on hand, at the date of the death of Charles H. George, to pay the claim of this plaintiff, nor was any attempt made to establish such a proposition. It is found that Charles H. George was insolvent when he died, which is not equivalent to finding that the limited partnership was then insolvent, which could not be shown without ascertaining whether it had sufficient assets on hand to pay its only liability, the plaintiff's claim. On this branch of the case the referee found: "*Twenty-second.* That the entire amount of the capital invested by Franklin E. James in the special partnership remain in the hands or under the control of Charles H. George and Wilson H. George jointly, or of Charles H. George solely, from November 13, 1887, to June 4, 1889."

We assume that the date June 4, 1889, is a misprint for June 14, 1889, the date of the death of Charles H. George.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.

